BRIAN D. BOLINDER [11032]
RICHARDS BRANDT MILLER NELSON
*Attorneys for Sutton National Insurance Company*
111 East Broadway, Suite 400 (84111)
P.O. Box 2465
Salt Lake City, Utah 84110-2465
Telephone:     (801) 531-2000
Facsimile No.  (801) 532-5506
brian-bolinder@rbmn.com

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| SUTTON NATIONAL INSURANCE COMPANY, an Oklahoma corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>BLACKHAWK HOMEOWNERS ASSOCIATION, a Utah corporation,<br><br>    Defendant. | **COMPLAINT FOR DECLARATORY RELIEF**<br><br>Civil No. _____<br><br>Judge _____ |

Plaintiff Sutton National Insurance Company ("Sutton"), by and through its counsel of record, Brian D. Bolinder of Richards Brandt Miller Nelson, and pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, files this complaint for declaratory relief against defendant Blackhawk Homeowners Association ("Blackhawk HOA") and respectfully shows:

## INTRODUCTION

1.      This action is filed pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, et seq. and Sutton seeks an Order from this Court declaring its duties and responsibilities under a Contract of Insurance issued by Sutton to defendant Blackhawk HOA.

## PARTIES

2.      Sutton is a duly authorized insurance company incorporated under the laws of the State of Oklahoma, with its principal place of business in Dania Beach, Florida, and doing business in the state of Utah.

3.      Defendant Blackhawk HOA is a company organized under the laws of the State of Utah, with its principal place of business in Logan, Utah.

## JURISDICTION AND VENUE

4.      This Court has diversity jurisdiction over this controversy under 28 USC §§ 1332(a), 2201 and 2202 in that the dispute is between citizens of different states. In an action seeking declaratory relief, the amount in controversy is measured by the value of the object of the litigation or the extent of the injury to be protected. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). The amount in controversy herein is the amount of the claim made by Blackhawk HOA on the policy of insurance issued by Sutton, which is in excess of $75,000.00, exclusive of interest and costs.

5.      Venue is proper in the United States District Court for the Northern Division of the District of Utah pursuant to 28 U.S.C. § 1391(a) and (b), because the case seeks a declaratory

judgment concerning an insurance contract to be interpreted under Utah law and a substantial part of property that is the subject of the action is situated in Utah.

## FACTUAL ALLEGATIONS

### Factual Background

6. On or about August 29, 2022, Blackhawk HOA submitted a claim for wind related damages discovered on or about April 1, 2022 (the "Claim") related to alleged damages at 1501 Talon Drive, Logan, Utah (the "Development").

7. Blackhawk HOA has demanded that roof structures on all buildings within the Blackhawk HOA Development (the "Structures") be replaced, including roofs for structures undamaged by physical loss.

8. The Structures were built between 1994 and 1997.

9. The Blackhawk HOA Development contains 87 two-story, four-plex, townhome-style buildings with 149 associated single story garage buildings.

10. All buildings have gable-style roof structures surfaced with laminated asphalt shingles and appurtenances including plastic attic vent covers, steel attic vent covers, steel vent caps, chimney flue caps, and plastic plumbing vents.

11. Based on information, the roofs on the Structures have not been replaced since initial construction. However, an overlay application of asphalt shingles has been applied, as well as certain other areas of observed replacement which is noticeable based on the mismatched nature of the replacement shingles.

12. Roofs of certain Structures, but not all Structures, were damaged by various wind-related events, which damage was discovered by Blackhawk HOA on or about April 1, 2022.

13. Sutton investigated the claim and, pursuant to the Commercial Policy, is prepared to provide payment to Blackhawk HOA for the repair or replacement of roofs of Structures that incurred direct physical loss or damage.

14. An actual dispute exists regarding Blackhawk HOA's demand that roofs of Structures that did not suffer direct physical loss or damage be replaced or repaired by Sutton.

The Contract of Insurance: Commercial Policy

15. Sutton incorporates each of the allegations set forth above as though fully set forth herein.

16. Sutton issued a commercial insurance policy, # SNI0005214-01 (the "Commercial Policy") to Blackhawk HOA. The Commercial Policy had a policy period of March 1, 2022, to March 1, 2023, with a limit of insurance of sixty-three million, three hundred twenty-four thousand, six hundred sixty-three dollars ($63,324,663.00) for building numbers 1-87 located at 1501 Talon Drive, Logan, Utah 84321 (the "Property").  (A copy of the Commercial Policy is attached to this Complaint as **Exhibit A**.)

17. The Commercial Policy lists Blackhawk Homeowners Association as named insured.

18. The Commercial Policy contained ISO Condominium Association Coverage Form CP 00 17 10 12. (*See* Commercial Policy, Ex. A, p. 36.)

19. The Commercial Policy also includes a Causes of Loss – Special Form CP 10 30 10 12 (the "Special Form"), a Community Association(s) Commercial Property Enhancement Form SG 20 10 10 20 (the "CA Enhancement") and a Property Covered – Community Associations endorsement SG 23 00 10 20 (the "Property Endorsement") that modify certain portions of the policy language. (*See* Commercial Policy, Ex. A, pp. 66, 86, 106.)

20. The Commercial Policy contains the provisions set forth herein that relate to coverage in this case, as modified by the Special Form, CA Enhancement, and Property Endorsement.

21. First, the Commercial Policy sets forth the following relevant insuring language:

A. Coverage
We will pay for ***direct physical loss of or damage*** to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause or Loss.
  1. Covered Property
     Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.**, and limited in **A.2.** Property Not Covered, if a Limit Of Insurance is shown in the Declarations for that type of property….

(*See* Commercial Policy, Ex. A, pp. 36 (emphasis added).)

22. Under Covered Causes of Loss, the Commercial Policy directs the insured to "[s]ee applicable Causes of Loss form as shown in the Declarations." (*See* Commercial Policy, Ex. A, p. 38.)

23. The Declarations identify the Special Form as the applicable Causes of Loss form. (*See* Commercial Policy, Ex. A., pp. 25-26.)

24. Causes Of Loss are defined in the Special Form, which states:

5

> A. Covered Causes of Loss
>    When Special is shown in the Declarations, Covered Causes of Loss means ***direct physical loss*** unless the loss is excluded or limited in this policy.

(*See* Commercial Policy, Ex. A, pp. 38, 66 (emphasis added).)

25. The Commercial Policy contains the following Exclusions for Covered Causes of Loss as modified by the Special Form:

> B. Exclusions
>    1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
>       a. Ordinance Or Law
>          The enforcement of or compliance with any ordinance or law:
>          (1) Regulating the construction, use or repair of any property; or
>          (2) Requiring the tearing down of any property, including the cost of removing its debris.
>          This exclusion, Ordinance Or Law, applies whether the loss results from:
>          (a) An ordinance or law that is enforced even if the property has not been damaged; or
>          (b) The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of its debris, following a physical loss to that property.
>          …

(*See* Commercial Policy, Ex. 1, p. 66.)

26. Additional Coverages in the Commercial Policy include a section for Increased Cost of Construction (CP 00 17 10 12, page 3 of 15). (*See* Commercial Policy, Ex. A, p. 40.)

27. However, this Section was deleted and replaced by the CA Enhancement with the following language:

> A. Coverage
>    …

6

4. Additional Coverages

…

   e. Ordinance Or Law

     (1) The Coverage provided in subparagraph (2)(a), (2)(b) and (2)(c) below apply only if the following requirements are satisfied:
       (a) The ordinance or law:
         (i) Regulates the demolition, construction or repair of buildings, or establishes zoning or land use requirements at the described premises; and
         (ii) Is in force at the time of loss.
     (2) With respect to the building that has sustained *covered direct physical damage*, we will pay:
       (a) Loss To The Undamaged Portion Of The Building Coverage
         For loss in value of the undamaged portion of the building as a consequence of a requirement to comply with an ordinance or law that requires demolition of undamaged parts of the same building.
         Coverage for the undamaged portion of the building is the same as that provided for the damaged portion of the building.
         This Coverage is included within the Limit of Insurance applicable to the Covered Property.
         Payment for the undamaged portion of the building will be on the same valuation basis applicable to the damaged portion of the building.
       (b) Demolition Cost Coverage
         The cost to demolish and clear the site of undamaged portion of the same building as a consequence of a requirement to comply with an ordinance or law that requires demolition of such undamaged property.
       (c) Increased Cost of Construction Coverage
         The increased cost to:
          (i) Repair, or construct that specific portion of that building; and/or
         (ii) Reconstruct or remodel undamaged portions of that building, whether or not demolition is required;
        when the increased cost is a consequence of a requirement to comply with the minimum standards of the ordinance or law. However, this coverage applies only if the restored or repaired property is intended for similar occupancy as the current property, unless such occupancy is not permitted by zoning or land use ordinance or law.

7

    (3) We will not pay for increased construction costs until the building is actually repaired or replaced at the same or another premises; and the repair or replacement is made as soon as reasonably possible after the loss or damage, not to exceed two years. The most we will pay for loss under (2)(b) Demolition Cost Coverage above is the Limit of Insurance shown in the Community Association(s) Commercial Property Coverage(s) Schedule. We will pay the less of the following:
       (a) The amount you actually spend to demolish and clear the site of the described premises; or
       (b) The applicable Limit Of Insurance shown in the Community Association(s) Commercial Property Coverage(s) Schedule.
    (4) The most we will pay for loss under (2)(c) Increased Cost of Construction Coverage above is the Limit of Insurance shown in the Community Association(s) Commercial Property Coverage(s) Schedule. However, if the property is demolished and repaired or replaced at the same premises, or another location, we will pay the lesser of:
       (a) The increased cost of construction at the same premises, or if required by ordinance or law, the increased cost of construct at the new premises; or
       (b) The applicable Limit Of Insurance shown in the Community Association(s) Commercial Property Coverage(s) Schedule.
    (5) We will not pay for the costs associated with the enforcement of or compliance with any ordinance or law which:
       (a) Requires any insured or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants", "fungus", wet or dry rot or bacteria.
       (b) Related in any way to asbestos or lead or any product or material containing asbestos or lead. This includes the use, installation, storage, withdrawal, removal, encapsulation, destruction, containment or disposal of any such product or material.
       (c) Requires the demolition, repair, replacement, reconstruction, remodeling or remediation of property due to contamination by "pollutants" or due to the presence, growth, proliferation, spread or any activity of "fungus", wet or dry rot or bacteria. The exclusion with respect to rot, mold or mildew applies regardless of whether such rot, mold or mildew or other fungi ensues from any cause or condition including, but not limited to, any such cause or condition involving the presence, discharge or

> infiltration of moisture, vapor, water or any other liquid or any damage to related thereto.
> (6) Demolition Cost Coverage and Increased Cost of Construction Coverage are additional insurance.
>
> The terms of this Coverage apply separately to each building.

(*See* Commercial Policy, Ex. A., pp. 87-88 (emphasis added).)

**FIRST CLAIM FOR DECLARATORY RELIEF**
(No Coverage Under the Commercial Policy for Repair or Replacement of Roofs of Structures that Did Not Suffer Direct Physical Loss or Damage)

28.  Sutton incorporates each of the allegations set forth above as though fully set forth herein.

29.  There is an actual controversy between Sutton and Blackhawk HOA regarding the extent of coverage available under the Commercial Policy for claims requesting the repair or replacement of roofs of Structures that did not suffer direct physical loss or damage.

30.  That controversy is incapable of resolution without judicial adjudication. Accordingly, Sutton has no plain, speedy and adequate remedy in law and require a declaratory judgment, adjudging that the claims made by Blackhawk HOA for the repair or replacement of roofs of Structures that did not suffer direct physical loss or damage find no coverage under the Commercial Policy.

31.  Under Utah law, insurance policy language is construed pursuant to its ordinary meaning. The Utah Supreme Court has consistently rejected all forms of the reasonable expectations doctrine. *See S.W. Energy Corp. v. Continental Ins. Co.*, 974 P.2d 1239, 1242 (Utah 1999); *Alf v. State Farm Fire & Cas. Co.*, 850 P.2d 1272, 1274 (Utah 1993); *Nielsen v. O'Reilly*, 848 P.2d 664, 665 (Utah 1992); *Allen v. Prudential Property & Casualty Insurance Co.*, 839

P.2d 798, 805-07 (Utah 1992); *AOK Lands, Inc. v. Shand, Morahan & Co.*, 860 P.2d 924, 927 (Utah 1993).

32.     To the extent Blackhawk HOA alleges a requirement to repair or replace roofs of Structures at the Development that did not suffer direct physical loss or damage, those claims are not covered by the Commercial Policy.

33.     The Court should issue a declaratory judgment indicating that the Commercial Policy does not provide coverage for the repair or replacement of roofs of Structures that did not suffer direct physical loss or damage.

## PRAYER FOR RELIEF AND DAMAGES

WHEREFORE, Plaintiff Sutton National Insurance Company prays for the following relief:

1.     For a declaration that:

   a.     There is no coverage for any covered property under the Commercial Policy that did not suffer direct physical loss or damage.

   b.     There is no coverage under the Commercial Policy for any claims for the repair or replacement of roofs of Structures that did not suffer direct physical loss or damage.

   c.     As there is no coverage under the Commercial Policy for claims for the repair or replacement of roofs of Structures that did not suffer direct physical loss or damage, Sutton National is not obliged to indemnify or pay for any repairs or replacement of roofs by Blackhawk HOA of Structures that did not suffer direct physical loss or damage.

      d.    For other related declarations necessary to effectuate the terms of the Commercial Policy.

    2.    Judgment by the Court that Sutton National Insurance Company is entitled to reasonable costs incurred in pursuit of these claims and for such other and further legal and/or equitable relief as the Court deems just and proper.

Dated this 11th day of May, 2023.

                              RICHARDS BRANDT MILLER NELSON

                              */s/ Brian D. Bolinder*
                              BRIAN D. BOLINDER
                              *Attorneys for Plaintiff Sutton National Insurance Company*