IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

|  |  |
|---|---|
| SUTTON NATIONAL INSURANCE COMPANY, an Oklahoma corporation,<br><br>   Plaintiff and Counterclaim Defendant,<br><br><br>v.<br><br>BLACKHAWK HOMEOWNERS ASSOCIATION, a Utah non-profit corporation,<br><br>   Defendant and Counterclaimant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESSES AND REPORTS**<br><br><br>Case No. 1:23-cv-00059<br><br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Defendant Blackhawk Homeowners Association (Blackhawk) has filed a Motion to Exclude the Plaintiff's Expert Witnesses and Reports. (ECF No. 53.) At a status conference held on July 7, 2026, the court noted that it was inclined to deny the motion and allow the Plaintiff's expert witnesses to testify at trial if the parties were unable to settle their claims. (See Min. Entry, ECF No. 58.) But the court allowed the Defendant the opportunity to file a Reply before issuing its ruling. (Id.) Having now considered the Defendant's Reply (ECF No. 61), the court denies the motion.

## FACTUAL BACKGROUND

Plaintiff Sutton National Insurance Company (Sutton) filed this action on May 12, 2023, seeking a declaratory judgment that the insurer was not required to cover certain losses associated with roof damage due to a storm that occurred on or about April 1, 2022. (See

1

Compl., ECF No. 2.)  Blackhawk filed an Answer and Counterclaim on July 12, 2023, seeking a declaratory judgment and damages for breach of contract.  (ECF No. 8.)

Since that time, little has been filed on the case docket besides several stipulated requests to amend the scheduling order or to stay deadlines.  (See ECF Nos. 23, 26, 30, 32, 37, 39, 42, 49.)  The court eventually held a status conference last September seeking an update about progress in the case.  (See Min. Entry, Sept. 24, 2025, ECF No. 46.)  The parties explained that the delays were attributable to a submission of the loss determination to an umpire under the terms of the "umpire clause" in the relevant insurance policy, and that the parties continued to engage in good faith negotiations towards settlement.  Although the parties requested a further 120-day stay of all deadlines, the court stayed the action for only 60 days in an attempt to get the case moving.  (Id.)

Blackhawk then filed a Notice of Designation of Experts on October 28, 2025.  (ECF No. 47.)  Under the terms of the relevant Amended Scheduling Order, the parties bearing the burden of proof were required to disclose experts and expert reports by March 9, 2026, while counter disclosures and reports were due April 9, 2026.  (See Am. Sched. Order, ECF No. 50.)  Those dates passed without any filing from the Plaintiff.  Sutton eventually filed its Designation of Experts on May 12, 2026.  (ECF No. 52.)  Blackhawk then moved to exclude the Plaintiff's expert witnesses and reports on the basis of the untimely disclosure.

On July 7, 2026, the court held a status conference for the purpose of setting a trial date, as no parties had filed a motion for summary judgment by June 19, 2026, the deadline for dispositive motions.  (See Order Setting Status Conference, ECF No. 54.)  At the status conference, the court scheduled a three-day bench trial to begin on November 2, 2026.  The court also asked the parties to agree to deadlines by which the parties would complete private

mediation and by which the Defendant would finish any depositions of the Plaintiff's expert witnesses should the court deny the Defendant's motion to exclude those witnesses.  (See ECF No. 58.)  The parties agreed that they would complete private mediation by September 7, 2026, and that the Defendant would complete any depositions of the Plaintiff's expert witnesses by September 21, 2026.  (See Am. Sched. Order, ECF No. 60.)

## LEGAL STANDARD

Under Rule 26(a)(2) of the Federal Rules of Civil Procedure, a party must disclose witnesses who will present expert testimony at trial, as well as written reports for certain expert witnesses.  And under Rule 37(c)(1), a party who fails to make a timely disclosure under Rule 26 may not use that witness or information at trial unless the failure was substantially justified or is harmless.  Substantial justification exists only when reasonable people could differ about whether compliance was required.  See Hirpa v. IHC Hosps., Inc., 149 F. Supp. 2d 1289, 1294–95 (D. Utah 2001).  And a failure is harmless only when the lapse does not prejudice the opposing party.  Id.  When determining whether a failure is harmless, the court should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."  Id. at 1296 (quoting Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999)).

## ANALYSIS

The court agrees with Blackhawk that Sutton's failure to timely disclose its expert witnesses was not substantially justified.  Although the parties do not dispute that they were

engaged in settlement negotiations throughout much of this litigation, those negotiations do not relieve Sutton of its duty to comply with court deadlines.

But after considering the Woodworker's factors, the court finds that Sutton's delay is harmless. First, although the court agrees with Blackhawk that settlement discussions are not a substitute for formal disclosure, the court finds that Blackhawk was aware of the general positions and loss assessments asserted by Sutton's experts and that therefore any surprise or prejudice caused by the late disclosures is minimal. And although Blackhawk now claims that it suffers ongoing harm from its inability to fund the necessary roof repair while this action remains pending, Blackhawk has not previously shown a sense of urgency in the resolution of this matter. Indeed, it was the court who set a status conference to understand why the parties continued to request stays of the scheduling deadlines; similarly, it was the court who set a status conference to discuss trial dates after no party requested a scheduling conference by June 26, 2026, the deadline to make such a request. (See ECF No. 50 at 2.) While the court does not fault Blackhawk for its good faith attempts to resolve this action, the court is skeptical that an additional two-month delay will substantially prejudice Blackhawk, given that the parties have mutually extended the previous deadlines so many times.

Second, the court has already granted Blackhawk leave to reopen expert discovery so that it may depose Sutton's experts. This extension provides an opportunity to cure any prejudice the late disclosures may have caused. The court also agrees with Blackhawk that Sutton should not have an opportunity to file further supplemental reports, as Sutton has had ample time to respond to the reports that Blackhawk disclosed on October 28, 2025. In contrast, Blackhawk may file a rebuttal report, if necessary, by October 5, 2026, which is two weeks after Blackhawk has agreed to finish its depositions of Sutton's expert witnesses.

4

Third, the court finds no disruption caused by the introduction of Sutton's expert testimony at trial. Indeed, without that testimony, Sutton would have no evidence to present rebutting Blackhawk's loss estimates, thereby conceding much of the case—an extreme sanction for Sutton's delay.

Finally, the court finds that, while Sutton's lapse was not substantially justified, it also does not appear to have occurred due to bad faith. The parties have been engaged in multiple attempts to settle this matter, including by referring the loss determination to an umpire and by attempting private mediation. Sutton's failure to disclose its expert witnesses by the appropriate deadline appears to have been an oversight rather than an attempt to ambush Blackhawk's trial preparation—especially given that no trial date had been set at the time Sutton disclosed its experts.

Having considered the Woodworker's factors, the court finds that Sutton's failure to timely disclose its expert witnesses and reports is harmless. The court therefore denies Blackhawk's motion.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1.    The court DENIES the Defendant's Motion to Exclude the Plaintiff's Expert Witnesses and Reports. (ECF No. 53.)

2.    The Defendant must finish its depositions of the Plaintiff's expert witnesses by September 21, 2026.

3.    The Defendant must disclose any rebuttal reports to the Plaintiff by October 5, 2026.

5

4.      The Plaintiff is precluded from disclosing supplemental expert reports and must confine its expert testimony to the opinions and data set forth in the reports it has already disclosed.

5.      The court declines to award any fees to the Defendant for the expense of bringing this motion or for the expenses associated with the deposition of the Plaintiff's experts or of any rebuttal reports.

DATED this 3rd day of August, 2026.

BY THE COURT:

Tena Campbell
United States District Judge